# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs August 2, 2011

## KENNETH FORD v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-10-72     Donald H. Allen, Judge**

---

**No.  W2010-01835-CCA-R3-PC  - Filed February 24, 2012**

---

A Madison County Jury convicted Petitioner of three counts of aggravated assault and one count of reckless endangerment resulting from an altercation Petitioner had with his live-in girlfriend and her three daughters. *State v. Kenneth Ford*, No. W2007-02149-CCA-R3-CD, 2009 WL 1034522, at *1-3 (Tenn. Crim. App., at Jackson, Apr. 17, 2009).  The trial court sentenced Petitioner to an effective sentence of twenty-two years.  *Id.* at *3.  Petitioner was unsuccessful in his direct appeal of his sentence to this Court.  *Id.* at *1.  Petitioner filed a timely petition for post-conviction relief arguing that he was afforded the ineffective assistance of counsel.  The post-conviction court held a hearing and denied the petition. Petitioner now appeals the denial of his petition.  After a thorough review of the record, we determine that the evidence does not preponderate against the post-conviction court's findings.  In addition, several issues raised by Petitioner were not raised in front of the post-conviction court.  In addition they were not raised during direct appeal but could have been and are now waived; or were addressed on direct appeal.  Therefore, we affirm the denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Kenneth Ford, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Carolyn Hopson and Petitioner both moved from Chicago, Illinois to Jackson, Tennessee. *Id.* at \*1, \*3. They lived together with her three daughters, Brittany, Brionna, and Bernice Butler. *Id.* at \*1. One evening, Ms. Hopson was waiting for Petitioner to return with the car so that she could go to her job at the Circle K convenience store. When he arrived home, he was intoxicated. Ms. Hopson demanded that Petitioner leave the house. *Id.* An altercation ensued during which Petitioner retrieved a knife from the kitchen and began to jab the knife at Ms. Hopson, cutting her several times. *Id.* Ms. Hopson's daughters heard the altercation and attempted to intervene. Petitioner cut Brionna while she was trying to help her mother. *Id.* \*2.

Ms. Hopson was able to locate a telephone which appeared to have been hidden in a cabinet. Officers arrived and took pictures of Ms. Hopson's injuries. *Id.* at \*3. She did not go to the hospital for her injuries, and she went to work that evening. *Id.* at \*1.

Betty McNulty is the manager of the Circle K convenience store where Ms. Hopson worked. *Id.* at \*2. Ms. McNulty testified that a man called the Circle K convenience store several times asking for Ms. Hopson. *Id.* at \*3. When Ms. McNulty told the man to stop calling the store, he threatened her. *Id.*

As a result of the altercation and the telephone calls to the store, the Madison County Grand Jury indicted Petitioner for one count of attempted first degree murder of Ms. Hopson, one count of aggravated assault of Ms. Hopson, one count of aggravated assault of Brittany Butler, one count of aggravated assault of Brionna Butler, one count of aggravated assault of Bernice Butler, and one count of harassment of Ms. McNulty. *Id.* at \*1. A jury convicted Petitioner of one count each of aggravated assault on Ms. Hopson, Brittany and Brionna, and one count of reckless endangerment of Bernice. *Id.* at \*3. The jury found Petitioner not guilty of harassment of Ms. McNulty. The charge for attempted first degree murder was dismissed by the State when the jury could not reach a verdict. *Id.* The trial court sentenced Petitioner to an effective sentence of twenty-two years. *Id.*

On appeal to this Court, Petitioner argued that the trial court erred in imposing consecutive sentences. After a review of the record, we determined that there was no error and affirmed the judgments of the trial court. *Id.* at \*4.

On March 11, 2011, Petitioner filed a pro se petition for post-conviction relief. Counsel was appointed. The post-conviction court held an evidentiary hearing on August 2, 2010. Petitioner testified at the hearing. He stated that he believed trial counsel was ineffective for several reasons. His initial complaint is that trial counsel did not seek information that he was actually the lien holder of the vehicle he was driving on the night of the incident. He wanted trial counsel to impeach Ms. Hopson's testimony because at trial she claimed that the vehicle belonged to her. Petitioner also stated that trial counsel made a point at trial that the knife used in the attack was never found, but trial counsel did not do any investigation regarding the knife. Petitioner also thought that trial counsel should have questioned Ms. Hopson's daughter as to whether he was a good step-father. Petitioner also complained that trial counsel did not locate and interview two witnesses, Camilla Lockett and Ivy Lockett. Petitioner stated that he gave trial counsel their names and contact information before trial.

Petitioner also testified that his trial counsel came to see him four times, but he only spoke with Petitioner for about five minutes each time. Petitioner admitted that trial counsel informed him of the State's plea offer, but Petitioner told trial counsel he wanted to go to trial.

Petitioner based several of his assertions of ineffectiveness on the victims' injuires and the proof presented at trial. Petitioner argued that trial counsel was ineffective because Petitioner was not shown photographs of the victims' injuries before trial. The photographs were introduced at trial. Trial counsel told Petitioner that he had seen the photographs, and the injuries consisted only of scratches. Petitioner was also displeased that trial counsel did not get the medical records of the victims. However, on cross-examination he admitted that there were no medical records. Petitioner also believed that trial counsel should have gotten an expert witness to testify about the victims' injuries to rebut the State's proof.

Petitioner asserts that trial counsel was also ineffective in regard to sentencing. Petitioner states that he was not given an opportunity to object to the presentence report that was admitted at the sentencing hearing. Petitioner also asserts that a jury should have sentenced him instead of the trial judge. Petitioner specifically asserted that trial counsel was ineffective because he did not put on any mitigating evidence or call any witnesses at the sentencing hearing.

Trial counsel also testified at the post-conviction evidentiary hearing. Trial counsel works for the Public Defender and was appointed. Trial counsel met with Petitioner seven times in jail and also saw him for a few minutes every time they were in court. He filed a motion for discovery and a motion to sever some counts that stemmed from incidents

occurring on different days. Trial counsel did obtain a psychological evaluation for Petitioner.

Trial counsel testified about the evidence presented at trial. He stated that he never knew that the title of the vehicle was an issue. Trial counsel stated that he did not consider ownership of the vehicle relevant to whether Petitioner was guilty of the assault. With regard to the photographs of the victims' injuries, trial counsel stated that he did see the photographs. He was unsure as to whether Petitioner saw them. Trial counsel stated that the photographs were consistent with what Ms. Hopson testified regarding her injuries. Trial counsel testified that he subpoenaed medical records for the victims, but he never received anything. He assumed that there were no records since Ms. Hopson did not go for treatment. Trial counsel also stated that he did not present the knife because the investigator said that the knife was never found. Trial counsel also stated that he attmpted to show that Petitioner cared for Ms. Hopson's daughters as if they were his own. Trial counsel testified that there was a hung jury with regard to the attempted murder charge.

Trial counsel also testified regarding the sentencing hearing. He stated that Petitioner told him of two witnesses before the sentencing hearing. Trial counsel did not think they would be very good witnesses because they were the victims. Petitioner also told him of a Mr. Lockett and gave trial counsel the contact information. Trial counsel attempted to call him and did not receive an answer. Trial counsel left a message, but he never received a call back. There was a second telephone number for Mr. Lockett that was disconnected. Trial counsel also tried to have Petitioner's mother testify at the sentencing hearing, but he was not able to reach her. Trial counsel also stated that Petitioner never said anything to him regarding his belief that the jury should have sentenced him.

On August 23, 2010, the post-conviction court filed an order denying the petition. The post-conviction court made the following findings:

1.      That the Petitioner failed to prove the factual allegations in his Petition by clear and convincing evidence.
2.      That the Petitioner failed to establish that [trial counsel]'s performance at trial was deficient or that his performance and representation in some way prejudiced the defense.
3.      That the Court credits the testimony of [trial counsel] when he testified:
    a.      That he met with the Petitioner at least seven times prior to the trial,
    b.      That he performed full discovery and investigation of the State's file,

   c.  That he had numerous discussions with the Petitioner in preparation for the jury trial in this matter, and

   d.  That the Petitioner never provided any names of any witnesses that could possibly testify for the defense,

4. That [trial counsel] was not ineffective by failing to produce medical records of Carolyn Hopson as alleged by the Petitioner since Ms. Hopson never sought medical attention for her injuries, which consisted of cuts or wounds to her face, upper lip, chin, side, arm, and breast area,

5. That the Petitioner has failed to prove that the outcome of his trial would have been different if he had been shown photographs of the victim's injuries since the Court recalls that [trial counsel] had an opportunity to view the photographs, which were part of the State's file, with the Petitioner prior to their admission, and the Court further finding that there was no proper basis for the defendant to object to the photographs being admitted into evidence.

[6.] That the Petitioner has failed to show a deficient performance by [trial counsel], or that any prejudice resulted to the defendant based upon [trial counsel]'s conduct,

[7.] That [trial counsel]'s conduct and performance at the trial, and prior to trial, was within the wide range of reasonable professional assistance, and

[8.] That [trial counsel] made reasonable and legitimate decisions based upon the factual circumstances presented at the trial about how best to represent the Petitioner in his defense.

Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, Petitioner argues that the post-conviction court erred in denying his petition. The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However,

the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins*, 911 S.W.2d at 347. This Court may not second-guess a reasonably based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The Petitioner argues that trial counsel was ineffective in failing to spend adequate time with him preparing for trial and failing to question Ms. Hopson's daughters as to whether he was a good step-father. The post-conviction court found that trial counsel was more credible than the Petitioner at the hearing. Trial counsel specifically stated that he met with Petitioner seven times and talked with him at various hearings. Moreover, at trial, counsel questioned the girls about Petitioner treating them as if they were his own. We find no evidence to preponderate against the post-conviction court's findings. Therefore, we

conclude that Petitioner has not proven that trial counsel was deficient with regard to these issues.

Concerning the allegations that trial counsel should have presented evidence that Petitioner was the actual owner of the car; should have shown Petitioner the photographs of the victims' injuries; and should have gotten the victims' medical records, we conclude that trial counsel was not deficient in his representation with regard to these issues. The ownership of the vehicle was not relevant to Petitioner's guilt of the crimes for which he was charged. With regard to the photographs, trial counsel viewed them and considered them consistent with Ms. Hopson's testimony. Petitioner seeing the photographs would not have changed their admissibility. As for the medical records, Petitioner has not shown that there were medical records in existence. Therefore, he cannot show that trial counsel was ineffective in not obtaining non-existent medical records.

Petitioner also argues that trial counsel was deficient because he did not present Camilla Lockett and Ivy Lockett as witnesses. However, Petitioner did not present these witnesses at the hearing. A petitioner must present witnesses at the post-conviction hearing to prevail on a claim of deficient representation for failing to call a witness at trial. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). A post-conviction court may not speculate, "on the question of . . . what a witness's testimony might have been if introduced at trial." *Id.* In the case at hand, Petitioner did not present the witnesses he claims that trial counsel should have called at trial. Therefore he cannot prove either that trial counsel was deficient or that he was prejudiced by trial counsel's failure to present the witnesses in question.

On appeal, Petitioner asserts that trial counsel should have objected to a witness who mentioned Petitioner's prison record during the trial. Petitioner did not present this issue during the hearing in the lower court. When a petitioner raises an issue for the first time on appeal, that issue is waived. *See Black v. Blount*, 938 S.W.2d 394, 403 (Tenn. 1996). In addition, a petitioner may not change theories between the lower court and the appellate court. *State v. Alder*, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001). Because Petitioner did not allege this issue in his post-conviction petition or raise it during the hearing, the post-conviction court did not address this issue in its order. Therefore, this issue is waived.

Petitioner also argues that the evidence was insufficient at trial to support his conviction, the post-conviction court erred in affirming the trial court's guilty verdict when the indictment was defective, and the "post-conviction court erred in denying relief from the affirmation of the trial courts violation of Confrontation Clause" because the trial court allowed the introduction of photographs of the victims' injuries, Petitioner was a not given an expert witness to testify about serious bodily injury, and the prosecution repeatedly

introduced perjured testimony. Initially, we point out that the post-conviction court has not affirmed the actions of the trial court. The Court of Criminal Appeals and the Tennessee Supreme Court are the courts that are able to affirm decisions made by a trial court. Therefore, we assume that Petitioner is asking this Court in this appeal to review decisions made by the trial court at trial.

These issues are waived because they were not presented on direct appeal. "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with certain exceptions not applicable in the present case. T.C.A. § 40–30–106(g). The opportunity to raise the issue during a direct appeal of the conviction, coupled with a failure to pursue that appeal or a failure to raise the issue during that appeal, constitutes a waiver of the issue pursuant to Code section 40–30–206(g) for purposes of a post-conviction relief proceeding. *State v. Benson*, 973 S.W.2d 202, 208 (Tenn. 1998); *Alley v. State*, 958 S.W.2d 138, 148 (Tenn. Crim. App. 1997).

Finally, Petitioner argues that the post-conviction court erred in affirming his sentence. Once again, we will assume Petitioner is attempting to attack his sentence. As stated above, this issue is one that is properly presented on direct appeal. Petitioner's sentence was reviewed on appeal. Therefore, this issue has been previously determined. T.C.A. § 40-30-106(h). Moreover, under the "law of the case" doctrine, issues which have been previously determined on appeal cannot be reconsidered. *Memphis Publ'g. Co. v. Tennessee Petroleum*, 975 S.W.2d 303, 306 (Tenn. 1998). "This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. *Ladd [ v. Honda Motor Co., Ltd.]*, 939 S.W.2d [83,] 90 [Tenn. Ct. App. 1996) ]." *Memphis Publ'g. Co.*, 975 S.W.2d at 306.

Therefore, these issues are without merit.

## **CONCLUSION**

We affirm the post-conviction court's denial of the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE